IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | :: | |
| :--- | :--- | :--- |
| | :: | CRIMINAL CASE NO. |
| v. | :: | 1:17-cr-292-ELR-AJB |
| | :: | |
| EDGAR GUERRERO CRUZ, | :: | |
| | :: | |
| Defendant. | :: | |

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

This matter came before the Court following the Court's order that Defendant Edgar Guerrero Cruz ("Guerrero" or Defendant) undergo a competency examination pursuant to 18 U.S.C. § 4241. [Doc. 110]. On February 23, 2018, Adriana L. Flores, Ph.D., authored an evaluation report in which she concluded that Guerrero is competent to stand trial. Court Ex. 1 (filed under seal).[1] At a hearing before the Court on March 5, 2018, the parties stipulated to the conclusions in the report. [Doc. 116]. Accordingly, the undersigned **RECOMMENDS** that Guerrero be found competent to

---

[1] Dr. Flores' qualifications were admitted as Court Ex. 1A. Dr. Flores has testified before the Court in other cases involving a party's competency and has been authorized by the Court to perform consultative examinations in additional cases where no testimony was required.

AO 72A
(Rev.8/82)

stand trial in that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

### *Background*

Guerrero is charged in a superseding indictment with conspiracy to possess with intent to distribute at least a 1000 kgs. of marijuana and 5 kgs. of cocaine (Count 1), possession with intent to distribute at least 100 kgs. of marijuana (Count 2), possession with intent to distribute at least 1,000 kgs. of marijuana (Count 3), possession with intent to distribute at least 5 kgs. of cocaine (Count 5), and engaging in a money laundering conspiracy (Count 7). [Doc. 34]. Guerrero's counsel filed an unopposed motion for a competency evaluation, [Doc. 92], that the Court granted. [Doc. 96].

### *Facts*

At the hearing on March 5, 2018, the Flores report was entered into evidence. Court Ex. 1 (under seal). No other evidence was admitted. According to the report, Guerrero is competent to stand trial and although there is some indication that he may have experienced psychiatric symptoms during his current incarceration, he is clinically stable and not experiencing any psychiatric symptoms that would adversely impact his competency to stand trial. *Id.* at 1. Dr. Flores recounted that after Guerrero's arrest, he was held in a detention facility in Oklahoma pending his transfer to Georgia and,

because he was having trouble sleeping, he ingested two pills given him by another inmate. The pills made him nervous and he continued to suffer severe anxiety even after his transfer to Georgia. He claimed that he was harassed by other inmates at the Robert A. Deyton Detention Facility ("Deyton") in Lovejoy, Georgia, although Dr. Flores was unsure whether the harassment was real or a paranoid perception/delusion. The Deyton medical unit prescribed him additional medications and Guerrero was placed in solitary confinement. He spontaneously stopped taking the medications, resulting in trouble sleeping. He reported to Dr. Flores that he has felt well since this incident in November 2017 and that he has not taken any medications since that time. *Id.* at 3.

Dr. Flores described Guerrero during her examination as clean and well-groomed, alert, capable of concentration, pleasant, and cooperative with all assigned tasks. He was oriented to person, place, time, and situation. He had good eye contact and his speech was normal in tone, volume, and rate.[2] His thought processes were organized, linear, and goal-directed, and his mood was euthymic and mood-congruent. He was tearful at times when discussing his family. Dr. Flores estimated Guerrero's

---

[2] Dr. Flores noted that Guerrero is a Spanish speaker and that she is bi-lingual, and therefore, she conducted the examination in Spanish. Court Ex. 1 at 1.

3

intelligence as falling within the average range. She found no history of psychosis, and he denied any history of auditory, visual, olfactory, or tactile hallucinations, delusional thinking, paranoia, or making illogical inferences about everyday normal occurrences, which self-report was confirmed by Dr. Flores' observations. *Id.* at 4. He also denied current depressive symptoms, history of suicide attempts, current suicide ideation or plans, or thoughts of hurting others. He described his mood as 5 out of 10 because he thinks about his family, but stated that his sleep and appetite were "ok," his memory and concentration were good, and he expressed hopefulness about his future. He enjoyed visits in detention from his four adult children, playing ball in detention, and telephone calls to his family. *Id.* As a result, Dr. Flores concluded that Guerrero did not meet the diagnostic criteria for any psychological disorder. *Id.*

Dr. Flores also concluded that Guerrero was aware of the nature of the charges and the proceedings, since he knew that he was charged in a conspiracy involving cocaine, marijuana, and money laundering, although he was unsure of the number of charges against him. *Id.* at 4-5. He also was aware that he could enter either a guilty or not guilty plea and the consequences of each. He was aware of the roles of the participants in the case (the judge, jury, prosecutor, and defense lawyer) and had some understanding of plea bargaining and appeals. Further, although he could not recall the

name of his defense lawyer (stating that his "'name sounds Italian'"; defense counsel is Mr. Manciagli), he has met with him and stated that he can work with him. Dr. Flores also noted that Guerrero possesses the verbal skills necessary to discuss his case with his lawyer, and she observed no evidence of a thought disorder or other psychological symptoms that would impair his ability to assist his attorney in forming an adequate defense. [*Id.* at 5].

In conclusion, Dr. Flores noted that although he may have experienced psychiatric issues severe enough that he was placed on the medical unit soon after arriving at Deyton, his symptoms have remitted, he has not been on psychotropic medications since November 2017, and is clinically stable and asymptomatic. Dr. Flores therefore concluded that Guerrero is competent to stand trial. *Id.* at 5-6.

### *Conclusions of Law*

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)). The system of competency proceedings developed in the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4246, applies to supervised-release revocation and modification proceedings.   *United States v. Duncan*, 419 Fed. Appx. 894, 899

(11th Cir. Mar. 18, 2011); *United States v. Avery*, 328 F. Supp. 2d 1269, 1271-72 (M.D. Ala. 2004); *see also* 18 U.S.C. § 4241(a) ("[A]t any time after the commencement of probation or supervised release and prior to the completion of the sentence," the district court must *sua sponte* conduct a hearing to determine the defendant's mental competence "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."). An individual is considered competent to assist in his proceedings when he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he has a rational and factual understanding of the proceedings against him. *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003); *see also Dusky v. United States*, 362 U.S. 402 (1960); 18 U.S.C. § 4241(a), (d), (e) (noting that a court must find a defendant incompetent when a preponderance of the evidence shows that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). The following factors are relevant in assessing competency: "a defendant's past medical

history, the opinion of psychiatric experts, and the defendant's behavior during trial." *Woodall v. Foti*, 648 F.2d 268, 273 (5th Cir. Unit A, June 16, 1981).[3] The government bears the burden of proving that a defendant is competent to proceed. *United States v. Izquierdo*, 448 F.3d 1269, 1277 & n.7 (11th Cir. 2006) (citing *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976)). The Court concludes that the defendant is competent to proceed.

First, the Court notes that the defendant behaved appropriately during the competency hearing. Although the hearing was relatively short, he did not engage in any disturbing, obstructive, or distracting behavior in the courtroom. He appeared to be aware of the proceedings and was alert. His interaction with counsel was minimal. He did not appear to have any difficulty communicating with the Court's official Spanish interpreter, Mr. Hoover.

Second, the psychiatric opinion of Dr. Flores indicates that Defendant is competent to proceed in that he understands the nature and consequences of the proceedings against him and is able to assist properly in his defense.

---

[3] "In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), [the Eleventh Circuit] adopted as binding precedent all cases decided by the Fifth Circuit, including both Units A and B, prior to October 1, 1981." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1290 n.1 (11th Cir. 2007).

Third, the medical history before the Court demonstrates that Defendant's mental condition has stabilized and he is asymptomatic since his initial referral to the Deyton medical unit.

As discussed above, three factors - - the defendant's demeanor during the competency hearing, the medical opinion, and the defendant's medical history - - indicate that Defendant is competent to proceed and is able to assist properly in his defense.

"A trial judge has a continuing, affirmative responsibility to ensure that a defendant is not tried while incompetent." *Maxwell v. Roe*, 113 Fed. Appx. 213, 215 (9th Cir. Oct. 22, 2004). Courts have "acknowledged the dramatic changes that can take place in a defendant's mental state in even a short period of time." *Id.* at 216. As a result, it is unreasonable for a court to rely on a stale competency determination when there is new evidence of incompetency. *Id.* (citing *deKaplany v. Enomoto*, 540 F.2d 975, 980-81 (9th Cir. 1976) (*en banc*)); *cf. Sanchez-Velasco v. Sec'y of Dep't of Corrs.*, 287 F.3d 1015, 1030 (11th Cir. 2002) (holding that state court's competency determination was presumptively correct where there was no evidence that inmate's mental condition had changed since the competency determination). The report and evidence that the Court relies upon in this R&R is timely.

8

Based on the foregoing discussion, the Court concludes that Defendant is presently competent to proceed because he has the ability to consult with his attorney with a reasonable degree of understanding and he has a rational and factual understanding of the nature and the consequences of the proceedings being brought against him. *Cf. United States v. Caraza*, 843 F.2d 432, 437 (11th Cir. 1988) (finding no error in court's competency determination where testimony revealed that the defendant's schizophrenia condition improved while on medication and the defendant cooperated with the defense expert); *United States v. Frazier*, 255 F. Supp. 2d 27, 31-32 (D. Conn. 2001) (finding the defendant to be incompetent where evidence indicated that the defendant operated at a cognitive ability just above mild retardation and exhibited signs of psychotic illness).

### *Conclusion*

The undersigned **CONCLUDES** that Defendant Guerrero **IS COMPETENT TO PROCEED**. The Court **RECOMMENDS** that the District Court find by a preponderance of the evidence for the reasons contained in this R&R that based upon the uncontradicted evidence, Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. 18 U.S.C. § 4241(d).

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED**, this the 6th day of March, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE